FILED

DEC 22 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAUL ORELLANA-ORELLANA, | No. 07-71693 |
| Petitioner, | |
| v. | Agency No. A096-179-915 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Raul Orellana-Orellana, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for asylum, withholding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's denial of asylum, withholding of removal, and CAT relief. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008); *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Orellana-Orellana failed to establish that he was persecuted on account of a protected ground, because the death of his father and the unidentified telephonic threats he received directing him not to investigate the death are insufficient, without more, to demonstrate that the perpetrators were motivated by a political opinion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481–83 (1992); *Silaya*, 524 F.3d at 1070. In addition, substantial evidence supports the agency's conclusion that those incidents were not committed by the government or forces the government was unwilling or unable to control. *See Navas v. INS,* 217 F.3d 646, 655–56 (9th Cir. 2000).

Substantial evidence also supports the agency's conclusion that Orellana-Orellana's fear of future persecution was not objectively reasonable in light of the fact that he remained in Guatemala for six to eight months without harm or further threat following his father's death, and that his similarly situated family members have remained in Guatemala unmolested since that same time. *See Hakeem v. INS*,

273 F.3d 812, 816 (9th Cir. 2001).

Because Orellana-Orellana failed to establish his eligibility for asylum, the agency properly concluded that he was ineligible for withholding of removal. *See Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000). Furthermore, substantial evidence supports the agency's denial of CAT relief because Orellana-Orellana's unsubstantiated testimony that he "fear[s] for [his] life" if he were to return to Guatemala, falls far short of establishing that it is "more likely than not" he will be tortured by or with the consent or acquiescence of a government official upon return. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam).

**PETITION FOR REVIEW DENIED.**